IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHARON CONNER,

        **Plaintiff,**

v.                                        Civil Action No. 5:05CV195
                                              (Judge Stamp)

**MICHAEL J. ASTRUE,**[1]
**COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, 1381-1383f. The matter is awaiting decision on cross motions for summary judgment and has been referred to the undersigned United States Magistrate Judge for submission of a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### I. Procedural History

Sharon K. Conner ("Plaintiff") filed an application for DIB on July 9, 1997, alleging disability as of November 24, 1995, due to low back pain radiating down the left leg with numbness

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for former Commissioner Jo Anne B. Barnhart (or Acting Commissioner Linda L. McMahon [if the caption was changed previously]) as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

and right knee pain from a back injury at work, and neurogenic bladder due to a birth defect (R. 195,218). The Social Security Administration denied Plaintiff's claim at the initial and reconsideration levels (R. 166, 172). Plaintiff requested further review, and an Administrative Law Judge ("ALJ") held an administrative hearing on August 26, 1998 (R. 81). Plaintiff, who was represented by counsel, appeared and testified, as did a Vocational Expert ("VE"). On December 16, 1998, the ALJ denied Plaintiff's claim, finding that Plaintiff was not disabled within the meaning of the Social Security Act (R. 66). The Appeals Council vacated the ALJ's decision and remanded the action to the ALJ on September 21, 2001 (R. 152), and the ALJ held a supplemental hearing on April 16, 2002 (R. 112).

On June 5, 2002, the ALJ entered a decision again finding Plaintiff had not been under a disability, as defined in the Social Security Act, at any time through December 31, 2000, her date last insured (R. 29). The Appeals Council denied Plaintiff's Request for Review on December 16, 2002, making the ALJ's decision the final decision of the Commissioner in this matter (R. 8).

Plaintiff filed a complaint with this Court seeking review of the denial of her application for disability benefits on February 4, 2003 (See 5:03cv15). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition. Following Defendant's Answer, both Plaintiff and Defendant filed motions for summary judgment.

Magistrate Judge Seibert considered the motions and submitted a report and recommendation. Defendant filed objections to the report and recommendation, and Plaintiff filed a response to the objection. On March 31, 2004, the Hon. Frederick P. Stamp, District Judge for the Northern District of West Virginia, entered a Memorandum Opinion and Order Accepting and

Adopting Report and Recommendation of Magistrate Judge, denying both parties' motions for summary judgment, and remanding the case to the Social Security Administration office of Hearing and Appeals (R. 733-738).

On remand from this Court, the ALJ held a hearing on October 20, 2004, at which Plaintiff and a VE testified (R. 663). In a decision dated February 7, 2005, the ALJ again denied Plaintiff's claim for benefits (R. 658). The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner (R. 632). Plaintiff then filed this civil action seeking judicial review of the Commissioner's decision.

## II. The Prior Court Decision

Based upon a review of the record and the docket sheet in both the prior case (5:03cv15) and the instant case, the undersigned finds a review of the underlying facts of the case is unnecessary. The March 31, 2004, Order of this Court provides as follows:[2]

> Magistrate Judge Seibert considered both of [the parties'] motions [for summary judgment] and submitted a report and recommendation. In his report, he made the following findings: (1) the ALJ correctly concluded that the treating physician's opinions were not entitled to controlling weight because there was persuasive contradictory evidence; (2) the ALJ did not err in finding that the plaintiff was limited to light work with limitations; (3) the ALJ correctly applied the two-step pain analysis; (4) the ALJ did not err in summarily discounting the opinion of the Case Manager and director of the Ohio Valley Rehabilitation Network; (5) the ALJ did not err in giving substantial weight to the opinion of Dr. Paroda, a consulting physician, even though Dr. Paroda failed to answer some of the plaintiff's questions; and (6) the ALJ did not err in deciding not to reopen the plaintiff's prior DIB application.
>
> However, upon review of the record, the magistrate judge found that the ALJ's rejection of the treating physician's findings did not meet the requirements of Social Security Regulation 96-2p, because the record was unclear as to whether the ALJ

---

[2]Copied verbatim from this Court's March 31, 2004, Memorandum Opinion and Order Accepting and Adopting Report and Recommendation of Magistrate Judge, to which there was no Appeal by either party (R. 733-738).

3

considered each of the five factors outlined in 20 C.F.R. § 404.1527(d).[3] For this reason, the magistrate judge recommended that this action be remanded to the ALJ for consideration of these factors.

Based on these findings, the magistrate judge recommended that the parties' motions for summary judgment be denied and the action be remanded to the Commissioner to consider the treating source's opinions in accordance with 20 C.F.R. § 404.1527(d).

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The defendant submitted objections on November 18, 2003. The plaintiff filed a response to defendant's objections on December 3, 2003.

This Court has reviewed the report and recommendation, the objections filed by the defendant, and the plaintiff's response to those objections, and finds that the magistrate judge's report and recommendation should be affirmed in its entirety.

. . . .

The defendant objects to the magistrate judge's finding that the ALJ did not properly analyze the weight of the treating physician's opinions. The defendant argues that the ALJ's opinion made reference to each of the five factors listed under the [sic] 20 C.F.R. § 404.1527(d). Further, the defendant argues that the magistrate judge affirmed the ALJ's findings in all other respects, and concluded that the ALJ's ultimate finding with respect to Plaintiff's residual functional capacity assessment was supported by substantial evidence. Thus, the defendant contends that this Court should grant its motion for summary judgment. In response, the plaintiff argues that the factors stated in 20 C.F.R. § 404.1527(d) were not adequately addressed and that remand of this action is necessary.

Upon review of the record, this Court concludes that the magistrate judge was correct in finding that the ALJ did not adequately address the factors outlined in 20 C.F.R. § 404.1527(d). While the ALJ's opinion may vaguely discuss some of these factors, the ALJ is required under the regulations to "make clear to any subsequent reviewers

---

[3]20 C.F.R. § 404.1527(d) states that when a treating physician's opinion is determined not to be entitled to controlling weight, the opinion is still entitled to deference and must be weighed according to the following five factors: (1) length of treatment relationship and frequency of examinations; (2) nature and extent of treatment relationship; (3) supportability of opinion; (4) consistency of opinion with the record as a whole; and (5) specialization area of the source providing the opinion. See also 30 C.F.R. § 416.927(d).

the weight [he] gave to the treating source's medical opinion and the reasons for that weight." Social Security Regulation 96-2p. In this case, the ALJ did not clearly address each of these factors. Thus, remand is appropriate for that purpose.

The sole basis for the Court's remand was therefore that the ALJ did not adequately address the factors outlined in 20 C.F.R. § 404.1527(d), although his ultimate determination was otherwise supported by substantial evidence. As Judge Stamp noted, Plaintiff did not file any objection to Magistrate Judge Seibert's report and recommendation. Defendant did file an objection, arguing only that the ALJ had, in fact, considered the five factors in 404.1527(d). The District Judge rejected that argument and overruled Defendant's objection.

### III. The Parties' Contentions

Plaintiff argues that "ALJ Slahta did not fully comply with the remand issued by this Court."

Defendant argues that the ALJ's decision "clearly indicates that he carefully considered the opinion of Dr. Marquart[4] in light of the five factors identified in 20 C.F.R. § 404.1527(d)(2)."

First, there is no dispute that Dr. Marquart was Plaintiff's treating physician. Second, there is no dispute that the Court found the ALJ correctly did not accord Dr. Marquart's opinion controlling weight. 20 C.F.R. § 404.1527(d) states that when a treating physician's opinion is determined not to be entitled to controlling weight, the opinion is still entitled to deference and must be weighed according to the following five factors: (1) length of treatment relationship and frequency of examinations; (2) nature and extent of treatment relationship; (3) supportability of opinion; (4) consistency of opinion with the record as a whole; and (5) specialization area of the source providing the opinion. See also 30 C.F.R. § 416.927(d).

---

[4]Dr. Marquart is the doctor to whom both the Magistrate Judge and District Judge referred as the "treating physician" in their respective opinions.

## IV. Administrative Law Judge Decision

In his second Decision, ALJ Slahta provides as follows regarding Dr. Marquart's opinion:

In the claimant's case, within the provisions of factors one, two, and five, the claimant has documented treatment by Dr. Marquart, a neurosurgeon, during the period April 8, 1996 through May 19, 1998 (Exhibits 5F and 21F). Dr. Marquart examined the claimant on two occasions, April 8, 1996 and May 31, 1996, prior to treating her while she was hospitalized during the period July 18, 1996 through July 20, 1996, for her left L4-5 lumbar diskectomy (Exhibit 5F). The claimant has documented eight follow up examinations by Dr. Marquart following her surgery, on September 9, 1996, October 29, 1996, March 10, 1997, June 6, 1997, August 22, 1997, November 21, 1997, December 27, 1997, and May 19, 1998 (Exhibit 21F). The record also establishes that this treating source submitted numerous statements related to the claimant's workers' compensation claim (Exhibit 21F). By letter dated March 26, 1999, he also responded to correspondence from the claimant's representative (Exhibit 31F). The pertinent portions of these various treatment reports are summarized in the prior hearing decision (Exhibit 6A), and, as detailed above, this summary has been incorporated by reference into this hearing decision.

Although not specifically identified as such, my rationale contained in the prior hearing decision for rejecting the opinion evidence of Dr. Marquart addressed the factors of supportability and consistency. As detailed in the prior hearing decision (Exhibit 6A), I find that the assessment of the treating source, in which he opined that the claimant could only perform sedentary work on an intermittent basis (Exhibit 22F), was based primarily upon the claimant's subjective complaints of pain. As detailed in the prior hearing decision the assessment is not supported by the objective medical evidence of record, as summarized in the prior hearing decision, especially the lumbar MRI on February 1999, and is inconsistent with the treating source's own reports, which indicated that the claimant was stable with no reported neurological deficit. Further as noted in the prior hearing decision, in his report dated June 6, 1997, Dr. Marquart expressed agreement with the functional capacity assessment dated May 12, 1997 (Exhibit 14F), that found the claimant functioning at the light-medium exertional level. As noted previously, Dr. Marquart recommended an additional four-week work hardening program to increase the claimant's work level to medium, indicating his agreement that the claimant could perform light work (Exhibit 21F). Additionally, as noted previously, Dr. Marquart assessed the claimant's disability at only 10 percent for workers' compensation purposes, hardly an assessment one would expect for a person who was limited to less than sedentary work.

## V. Discussion
### A. Scope of Review

In reviewing an administrative finding of no disability the scope of review is limited to

6

determining whether "the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on this definition, the Fourth Circuit has stated that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a jury verdict were the case before a jury, then there is 'substantial evidence.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1968)). In reviewing the Commissioner's decision, the reviewing court must also consider whether the ALJ applied the proper standards of law: "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## VI. Discussion

Magistrate Judge Seibert in the previous report and recommendation found that the ALJ "correctly concluded that Dr. Marquart's opinions were not entitled to controlling weight because there was persuasive contradictory evidence[;] . . . . correctly found that there were inconsistencies in Dr. Marquart's own treatment notes; . . . . [and] correctly determined that Dr. Marquart's opinions were not reliable " (R. 780-781). Further, Magistrate Judge Seibert found that "the ALJ's decision to discard Dr. Marquart's opinion is supported by other evidence in the record . . . ." The District Court adopted the magistrate judge's report and recommendation. The sole reason for remand was that "the ALJ did not adequately address the factors outlined in 20 C.F.R. § 404.1527(d)(2)" and that he did not "make clear to any subsequent reviewers the weight [he] gave to the treating source's

medical opinion and the reasons for that weight." (R. 737).

The undersigned finds that the ALJ complied with the Court's remand Order of March 31, 2004. The undersigned also finds that the ALJ adequately addressed the factors outlined in 20 C.F.R. § 404.1527(d), and that his decision "ma[d]e clear to [this] reviewer[] the weight [he] gave to [Dr. Marquart's] medical opinion and the reasons for that weight." Social Security Regulation 96-2p. Therefore, considered along with the earlier Court decision and the prior ALJ decision, the undersigned United States Magistrate Judge finds substantial evidence supports the ALJ's determination that Plaintiff was not under a disability, as defined in the Social Security Act, at any time though December 31, 2000, the date she was last insured.

## VII. RECOMMENDATION

For the reasons herein stated, I find substantial evidence supports the Commissioner's decision denying the Plaintiff's application for DIB. I accordingly recommend Defendant's Motion for Summary Judgment be **GRANTED** [Docket Entry 11], Plaintiff's Motion for Summary Judgment, or in the Alternative Remand [Docket Entry 10] be **DENIED,** and this matter be dismissed and stricken from the court's docket.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this  11  day of  June          , 2007.

                              JOHN S. KAULL
                              UNITED STATES MAGISTRATE JUDGE