IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHARON CONNER,

    Plaintiff,

v.                                                              Civil Action No. 5:05CV195
                                                                            (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING AND AFFIRMING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

Plaintiff, Sharon Conner (as known as the claimant), filed an action seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).

Plaintiff filed a motion for summary judgment, to which the Commissioner filed a cross-motion for summary judgment. On June 11, 2007, the magistrate judge filed a report recommending that the Commissioner's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied and this matter be dismissed and stricken from the court's docket.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by either party.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

Plaintiff filed an application for disability insurance benefits on July 9, 1997, alleging disability as of November 24, 1995, due to low back pain radiating down her left leg with numbness, right knee pain from a back injury at work and a neurogenic bladder due to a birth defect. The Social Security Administration denied the plaintiff's claim at the initial level and on the reconsideration levels. Plaintiff requested further

review, and an Administrative Law Judge ("ALJ") held a hearing on August 26, 1998. Plaintiff, who was represented by counsel, appeared and testified, as did a Vocational Expert ("VE"). On December 16, 1998, the ALJ denied the plaintiff's claim, finding that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council vacated the ALJ's decision and remanded the action to the ALJ on September 21, 2001. The ALJ held a supplemental hearing on April 16, 2002.

On June 5, 2002, the ALJ entered a decision finding that the plaintiff had not been under a disability, as defined in the Social Security Act. The Appeals Council denied the plaintiff's request for review on December 16, 2002.

Plaintiff filed a complaint seeking review of the denial of her application for disability benefits. On March 31, 2004, this Court entered a memorandum opinion and order remanding the action because the ALJ did not adequately address the factors outlined in 20 C.F.R. § 404.1527(d). On remand, the ALJ held a hearing on October 20, 2004, at which the plaintiff and a VE testified. The ALJ again denied the plaintiff's claim for benefits. After considering the plaintiff's request for review, the Appeals Council concluded that there was no basis for reviewing the ALJ's decision. Plaintiff then filed this complaint on December 1, 2005 seeking review of the denial of her application for disability benefits.

III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

IV. Discussion

Plaintiff asserts that "ALJ Slahta did not fully comply with the remand issued by this Court." (Pl.'s Mot. for Summ. J. at 10.) The Commissioner asserts that the ALJ's decision clearly indicates that he carefully considered the opinion of Christopher L. Marquart, M.D. ("Dr. Marquart") who is considered the plaintiff's treating physician, in light of the five factors set forth in 20 C.F.R. § 404.1527(d)(2).

First, there is no dispute that Dr. Marquart was the plaintiff's treating physician. Second, there is no dispute that this Court found in the March 31, 2004 memorandum opinion and order

4

that the ALJ correctly did not accord Dr. Marquart's opinion controlling weight.

Title 20, Code of Federal Regulations, Section 404.1527(d) states that when a treating physician's opinion is determined not to be entitled to controlling weight, the opinion is still entitled to deference and must be weighted according to the following five factors: (1) the length of treatment relationship and frequency of examinations; (2) the nature and extent of treatment relationship; (3) supportability of opinion; (4) consistency of opinion with the record as a whole; and (5) specialization area of the source providing the opinion. See also 30 C.F.R. § 416.927(d).

In the ALJ's second decision, he stated that:

> In the claimant's case, within the provisions of factors one, two, and five, the claimant has documented treatment by Dr. Marquart, a neurosurgeon, during the period [of] April 8, 1996 through May 19, 1998 (Exhibits 5F and 21F). Dr. Marquart examined the claimant on two occasions, April 8, 1996 and May 31, 1996, prior to treating her while she was hospitalized during the period July 18, 1996 through July 20, 1996, for her left L4-5 lumbar diskectomy (Exhibit 5F). The claimant has documented eight follow up examinations by Dr. Marquart following her surgery, on September 9, 1996, October 29, 1996, March 10, 1997, June 6, 1997, August 22, 1997, November 21, 1997, December 27, 1997 and May 19, 1998 (Exhibit 21F). The record also establishes that this treating source submitted numerous statements related to the claimant's workers' compensation claim (Exhibit 21F). By letter dated March 26, 1999, he also responded to correspondence from the claimant's representative (Exhibit 31F). The pertinent portions of these various treatment reports are summarized in the prior hearing decision (Exhibit 6A), and, as detailed above, this summary has been incorporated by reference into this hearing decision.

> Although not specifically identified as such, my
> rationale contained in the prior hearing decision for
> rejecting the opinion evidence of Dr. Marquart addressed
> the factors of supportability and consistency. As
> detailed in the prior hearing decision (Exhibit 6A), I
> find that the assessment of the treating source, in which
> he opined that the claimant could only perform sedentary
> work on an intermittent basis (Exhibit 22F), was based
> primarily upon the claimant's subjective complaints of
> pain. As detailed in the prior hearing decision the
> assessment is not supported by the objective medical
> evidence of record, as summarized in the prior hearing
> decision, especially the lumbar MRI on February 1999, and
> is inconsistent with the treating source's own reports,
> which indicate that the claimant was stable with no
> reported neurological deficit. Further as noted in the
> prior hearing decision, in his report dated June 6, 1997,
> Dr. Marquart expressed agreement with the functional
> capacity assessment dated May 12, 1997 (Exhibit 14F),
> that found the claimant functioning at the light-medium
> exertional level. As noted previously, Dr. Marquart
> recommended an additional four-week work hardening
> program to increase the claimant's work level to medium,
> indicating his agreement that the claimant could perform
> light work (Exhibit 21F). Additionally, as noted
> previously, Dr. Marquart assessed the claimant's
> disability at only 10 percent for workers' compensation
> purposes, hardly an assessment one would expect for a
> person who was limited to less than sedentary work.

The magistrate judge determined that the ALJ complied with this Court's memorandum opinion and order remanding the civil action to the Social Security Administration Office of Hearings and Appeals to address the factors set forth in 20 C.F.R. § 404.1527(d). The magistrate judge also determined that the ALJ adequately addressed the factors outlined in 20 C.F.R. § 404.1527(d) and that his decision made clear to the review the weight he gave to Dr. Marquart's medical opinion and the reasons for that weight. Social Security Regulation 96-2p. After a review

6

of the record, this Court finds that the ALJ adequately addressed the factors outlined in 20 C.F.R. § 404.1427(d), thus complying with this Court's remand order. Accordingly, considered along with this Court's earlier order and the prior ALJ decision, this Court finds that substantial evidence supports the ALJ's determination that the plaintiff was not under a disability as defined in the Social Security Act.

V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that plaintiff, Sharon Conner's motion for summary judgment is hereby DENIED and the defendant, the Commissioner's motion for summary judgment is hereby GRANTED.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 11, 2007

                                            <u>/s/ Frederick P. Stamp, Jr.</u>
                                            FREDERICK P. STAMP, JR.
                                            UNITED STATES DISTRICT JUDGE